# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **AMIRESSE DESJARDINS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:24-cv-00843 |
| **WALMART STORES, et al.,** | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Amiresse Desjardins, a Tennessee resident proceeding pro se, has filed a Complaint against Walmart Stores and related individuals and entities, for violations of Title VII of the Civil Rights Act of 1964. (Doc. No. 1). Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2).

## I. APPLICATION TO PROCEED IFP

Plaintiff's IFP application lists monthly income and expenses that together sufficiently demonstrate that she cannot pay the full civil filing fee in advance "without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001); see also, e.g., Shannon v. Omni Logistics LLC, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life") (citation omitted). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," Small v. Brock, 963 F.3d 539, 540 (6th Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). In making the plausibility determination, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

Plaintiff claims that she was terminated because of her race (Black) from employment at the Walmart on Dickerson Road in Nashville on July 13, 2023. (Doc. No. 1 at 4–5). She alleges that she was terminated "for not doing on the floor job duties, because of fearing to do [her] job, any longer." (Id. at 6). Plaintiff states that she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on April 8, 2024, and provides a charge number (id. at 5) but does not attach a copy of the charge to the Complaint.

The rules governing pleading in federal court require that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But that short and plain statement must be supported by "sufficient factual matter, accepted as true," to make the claimed right to relief not just possible, but plausible. Hill, 630 F.3d at 470–71. This standard does not require *detailed* factual allegations, but it does require "more than labels[,] conclusions, [or] a formulaic recitation" of the elements of a cause of action. Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The Complaint's factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged," Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010), and to enable the Court to determine the viability of those claims.

As currently constituted, the Complaint does not contain sufficient factual allegations to meet Rule 8's standard. It names specific managers as Defendants (Doc. No. 1 at 2) but then fails to specify how these individuals wronged Plaintiff. It simply claims racially discriminatory discharge and alleges that Plaintiff feared to do her job, without saying why, what, who or how or of whom she was afraid. While the claimed discrimination may have been described in more detail in Plaintiff's EEOC charge, that charge has not been filed on the record before this Court. The Complaint itself contains so little information that its claim of racially discriminatory discharge can only be described as conclusory.

### III. FURTHER PROCEEDINGS

If Plaintiff is to maintain this action, she must file an Amended Complaint that cures the deficiencies in her original pleading, identified above. The Clerk of Court is **DIRECTED** to mail Plaintiff a form for filing a Complaint for Employment Discrimination (Pro Se Form 7). To proceed with her lawsuit, Plaintiff **MUST** use the form to file an Amended Complaint that provides

3

factual allegations concerning when, where, why, how, and by whom the harm leading to her lawsuit was inflicted. Plaintiff should also attach to her Amended Complaint a copy of her EEOC charge of discrimination and any right-to-sue letter she has received from the EEOC, if she has those documents in her possession.

Plaintiff **MUST** return her Amended Complaint to the Clerk of Court within **30 DAYS** of the date this Order is entered on the docket and must designate it for filing in **Case No. 3:24-cv-00843**. The correct address for filing in person or by mail is: Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

Plaintiff is cautioned that, should she fail to comply with this Order (or seek an extension of time to do so) within the time specified, or should she fail to keep the Court apprised of her current address, this action may be dismissed for want of prosecution.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4

Case 3:24-cv-00843   Document 5   Filed 07/29/24   Page 4 of 4 PageID #: 19